UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN E. HORONZY,<br><br>                    Petitioner,<br><br>      v.<br><br><br>JOHANNA SMITH,<br><br>                         Respondent. | Case No. 1:11-CV-00235-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus action is Respondent's Motion for

Summary Dismissal (Dkt. 8). Petitioner has responded to the Motion by filing a

Response (Dkt. 15) and a Motion to Stay and Abey or for Equitable Tolling (Dkt. 19).

Having fully reviewed the record, including the state court record, the Court finds that the

parties have adequately presented the facts and legal arguments in the briefs and record

and that the decisional process would not be significantly aided by oral argument.

Therefore, in the interest of avoiding delay, the Court shall decide this matter on the

written motions, briefs and record without oral argument.  D. Idaho L. Civ. R. 7.1(d).

Accordingly, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

**RESPONDENT'S MOTION TO DISMISS**

**1.    Standard of Law Governing Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In such case, the Court construes the facts in a light most favorable to the petitioner. It is appropriate for the Court to take judicial notice of court dockets from state court proceedings. Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

**2.    Background**

Petitioner was charged with first degree murder for strangling his girlfriend, Rose Marie Murphy. He later pleaded guilty to and was convicted of one count of second degree murder in the Fifth Judicial District Court in Twin Falls County, Idaho. Judgment of conviction was entered on June 2, 2008. He was sentenced to a term of fifteen years to life in prison. (State's Lodging B-1, p. 23.) Petitioner agreed to waive his right to appeal in the plea agreement, and, as a result, did not file a direct appeal.

Petitioner's version of events is that he was falsely accused of strangling his girlfriend, and he was forced to enter a guilty plea only after: (1) jailors refused to treat his medical condition, thrush (a yeast infection affecting the mouth and tongue), (2) coercion by his attorney, Twin Falls County Public Defender Marilyn Paul; and (3) coercion by law enforcement officers.

MEMORANDUM DECISION AND ORDER - 2

Petitioner filed a pro se post-conviction application on May 22, 2009. (*Id.*) The state district court appointed counsel Joe Rockstahl for Petitioner (*Id.*, pp. 38-39.) On June 12, 2009, the state district court issued an order governing the post-conviction proceedings, which ordered counsel for Petitioner to file a amended application within 28 days, if necessary, to comply with the post-conviction statutes, and to certify that each claim in the amended application "is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." (*Id.*, p. 42.)

The State filed a motion for summary disposition of the application. (State's Lodging B-1, p. 47.) Mr. Rockstahl made efforts to obtain the criminal record from the public defender's office and the medical records from the Twin Falls County Jail. (*Id.*, pp. 87-98.) Thereafter, Mr. Rockstahl filed an objection to summary disposition, with affidavits, exhibits, and a request for judicial notice. (*Id.*, p. 100.) The objection addressed only the ineffective assistance of trial counsel claims (including some of those claims contained in the pro se application, and some claims newly set forth in the objection). (*Id.*, pp. 100-106.)

The State then filed a response to Petitioner's objection to summary disposition. (State's Lodging B-1, p. 146.) On October 21, 2009, five days before the hearing on the State's motion for summary disposition, Petitioner filed a handwritten pro se addendum, with memorandum of law, to supplement his application, which contained claims from

**MEMORANDUM DECISION AND ORDER - 3**

the original application, claims mentioned by his counsel in the objection, and new claims without supporting facts. (*Id*., pp. 158-67, 170 n.1.) After oral argument, the state district court summarily dismissed the entire application after addressing the claims in the original application, objection, and addendum. (*Id*., pp. 169-90.)

On appeal, Petitioner did not challenge the merits of the dismissed claims; rather, through new counsel (the state public appellate defender), he challenged only whether the district court could dismiss the addendum claims without providing him with an additional twenty days' notice and an opportunity to respond under the post-conviction statute. *See* I.C. § 19-4906(b). (State's Lodging C-1.)

The Idaho Court of Appeals affirmed the district court's decision on February 2, 2011, and the Idaho Supreme Court denied the petition for review on March 21, 2011. (State's Lodging C-3, C-10.)

The Petition for Writ of Habeas Corpus in this action was constructively filed on May 10, 2011 (mailbox rule, if applicable)[1] and actually filed on May 20, 2011 (filing date). (Dkt. 1.) The Initial Review Order construed the Petition as containing nine claims: (1) ineffective assistance of trial counsel for failing to investigate Petitioner's case, advising him to plead guilty, failing to take into consideration that Petitioner suffered from a serious untreated medical condition, failing to put sufficient effort into his case

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (a legal document is deemed filed on the date a prisoner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court).

**MEMORANDUM DECISION AND ORDER - 4**

because she was too busy with other cases, failing to file necessary motions, failing to

keep Petitioner informed, and advising him to give up his appeal rights in his plea

agreement; (2) officers planted evidence, threatened Petitioner, and coerced him into

pleading guilty; (3) the prosecution presented false evidence; (4) the prosecution failed to

disclose evidence; (5) the trial court abused its discretion when it dismissed his

post-conviction petition addendum without notice; (6) the trial court denied Petitioner a

second attorney even though he was charged with first degree murder and facing the

death penalty; (7) the trial court failed to hold a competency hearing; (8) actual

innocence; and (9) denial of access to courts when Petitioner was not appointed counsel

to assist him in filing his initial post-conviction petition. (See Initial Review Order, Dkt.

4, pp. 3-6; Petition, Dkt. 1.)

**3.      Discussion of Non-Cognizable Claims**

This Court agrees with the assessment of the Magistrate Court in the Initial

Review Order that Claims 5 and 8 are non-cognizable claims that are subject to dismissal.

Claim 5 is that the trial court abused its discretion when it dismissed his post-conviction

petition addendum without notice. (Dkt. 4, pp.3-6.) Claim 5 is non-cognizable because

habeas corpus is not the proper avenue to address errors in a state's post-conviction

review process (Dkt. 4, pp.4-5 (Initial Review Order citing *Franzen v. Brinkman*, 877

F.2d 26 (9th Cr. 1989); *Williams v. Missouri*, 640 F.2d 140 (8th Cir. 1981)).

**MEMORANDUM DECISION AND ORDER - 5**

Claim 8, "actual innocence," is non-cognizable because actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits. (Dkt. 4, p.5 (Order citing *Herrera v. Collins*, 506 U.S. 390, 404-405 (1993)).)

In addition, Claim 9 is also non-cognizable. In Claim 9, Petitioner alleges that he was denied access to courts when he was not appointed counsel to assist him in filing his initial post-conviction petition. Prisoners do not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings, and thus such a claim cannot be the basis for habeas corpus relief. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) (no constitutional right to counsel during state habeas proceedings even if that was the first forum in which a defendant could challenge the constitutional competence of counsel).

Petitioner argues that it is error to prevent him from proceeding on Claim 9, because it is based on a First Amendment right to access the courts and the Fourteenth Amendment  Due Process Clause. (Dkt. 21, p. 10.) However, federal habeas corpus relief is limited to challenges to convictions or sentences; a federal law challenge to an error in a state post-conviction matter is different from a challenge to the conviction underlying the state post-conviction action. Therefore, Petitioner's argument is unpersuasive, and Claim 9 is subject to dismissal.

**4.      Standard of Law Governing Procedural Default**

Respondent argues that Claims 1, 2, 3, 4, 6, and 7 are procedurally defaulted, because Petitioner failed to properly present them to the Idaho Supreme Court before filing the habeas corpus petition in this action. Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court may deny the claim on its merits, but it cannot otherwise grant relief on unexhausted claims. 28 U.S.C. § 2254(b). The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that he did not present the claim to the highest state court, but no state court remedy is available when he arrives in federal court (improper exhaustion). *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must "invok[e] one complete round of the State's established appellate review process," *O'Sullivan v. Boerckel*, 526 U.S. at 845, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Improperly exhausted claims are deemed "procedurally defaulted."

**MEMORANDUM DECISION AND ORDER - 7**

Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has *completely failed* to raise a particular claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; or (3) when the Idaho courts have rejected a claim on an independent and adequate state procedural ground. *See Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). Under these circumstances, the claim is considered to have been "procedurally defaulted." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

**5.     Discussion of Procedural Default**

Here, the analysis is straightforward: the only issue that Petitioner raised before the Idaho Supreme Court was whether the trial court failed to give him proper notice, pursuant to Idaho Code § 19-4906(b), before dismissing any new claims raised in the addendum to his petition for post-conviction relief. (State's Lodging C-1 to C-10.) This claim corresponds to Claim 5 in the federal Habeas Corpus Petition, which is not a valid federal habeas corpus claim. Hence, because no cognizable claim in the federal Petition was raised in the Idaho Supreme Court, all of the cognizable claims are procedurally defaulted.

Petitioner argues that his claims are not procedurally defaulted, because the State argued against each claim on appeal, and because the Idaho Court of Appeals' failure to address the claims can be deemed to be its silent denial of the claims on the merits.

**MEMORANDUM DECISION AND ORDER - 8**

Petitioner relies on *Sandgathe v. Maass*, 314 F.3d 371 (9th Cir. 2002), for this proposition. *Sandgathe*, however, stands for a different principle–that it does not matter whether the petitioner raised the claim on federal grounds so long as the state appellate court chose to address the claim on federal grounds sua sponte. *Id.* at 376-77. Because the Idaho Court of Appeals did not, on its own, address the merits of any of Petitioner's claims on federal grounds (or at all), *Sandgathe* is inapplicable.

In addition, because the state district court heard and ruled on all of Petitioner's claims, regardless of where or how the claims were brought (*see* State's Lodging C-3, p. 3), Petitioner could have raised those claims on appeal. Rather, Petitioner's counsel chose to raise only the broad claim of whether the district court erred in not giving Petitioner adequate notice of its intent to dismiss the new claims. Therefore, Petitioner cannot rely on the any "denial of access to courts" claim to argue either that the claims are not procedurally defaulted, or that adequate cause exists to excuse the procedural default of the claims, as more fully discussed herein below.

## 6.    Standard of Law Governing Cause and Prejudice

If a petitioner's claim is procedurally defaulted, the federal district court cannot hear the merits of the claim unless a petitioner meets one of two exceptions: a showing of adequate legal cause for the default and prejudice arising from the default; or a showing of actual innocence, which means that a miscarriage of justice will occur if the claim is

not heard in federal court. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner points to an instance of ineffective assistance of counsel during direct appeal that prevented the petitioner from properly exhausting his claims, he cannot rely on that instance unless he has first exhausted that particular ineffective assistance of counsel claim. If a petitioner has not exhausted any ineffective assistance of counsel claim, then he cannot rely on such a claim for "cause" in a "cause and prejudice" argument. *See Edwards v. Carpenter*, 529 U.S. 446 (2000) (ineffective assistance of counsel cannot serve as cause for the default of another claim unless the ineffective assistance of counsel claim is not itself procedurally defaulted or cause and prejudice for the default of the ineffective assistance claim can be shown).

A petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551

**MEMORANDUM DECISION AND ORDER - 10**

(1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule

is that any errors of his counsel during the post-conviction action cannot serve as a basis

for cause to excuse Petitioner's procedural default of his claims. *See Coleman v.*

*Thompson*, 501 U.S. 722, 752 (1991).

The holding of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), established a "limited

qualification" to the *Coleman* rule. *Id*. at 1319. In *Martinez*, the court held that inadequate

assistance of counsel "at initial-review collateral review proceedings may establish cause

for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315.

The *Martinez* Court explained that the limited exception was created "as an equitable

matter, that the initial-review collateral proceeding, if undertaken without counsel or with

ineffective counsel, may not have been sufficient to ensure that proper consideration was

given to a substantial claim." *Id*. at 1318.

In Idaho, the post-conviction setting is the "preferred forum for bringing claims of

ineffective assistance of counsel," although in limited instances such claims may be

brought on direct appeal "on purported errors that arose during the trial, as shown on the

record"( as opposed to matters arising outside the record). *Matthews v. State*, 839 P.2d

1215, 1220 (Idaho 1992). Thus, in Idaho, *Martinez* can be applied to ineffective

assistance of trial counsel claims arising from Idaho state court convictions and sentences,

where the post-conviction setting was the first forum in which the ineffective assistance

**MEMORANDUM DECISION AND ORDER - 11**

of trial counsel claim based on matters arising outside the record could have been brought and developed in an evidentiary hearing. *See Matthews*, 839 P.2d at 1220.

The *Martinez* Court explained that its holding was based on "equitable" rather than "constitutional" grounds, and emphasized that it was not to be applied generally to procedural default circumstances:

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.... It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

*Id.* at 1320 (citations omitted).[2]

The Ninth Circuit has summarized the *Martinez* test as follows: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under *Strickland*,[3] whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice." *Sexton v. Cozner*, 679 F.3d

---

[2] The *Martinez* Court also reiterated that (1) § 2254(i) specifically provides that "incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in proceedings arising under section 2254," *id.* at 1320, and (2) its holding did not resolve the question of whether a prisoner has a right to effective counsel in collateral proceedings that provide the first occasion to raise a claim of ineffective assistance of trial counsel. *Id.* at 1315.

[3] *Strickland v. Washington*, 466 U.S. 668 (1984).

**MEMORANDUM DECISION AND ORDER - 12**

1150, 1159 (9th Cir. 2012) (footnote added). Under *Strickland*, a petitioner must show that his counsel's performance was both unreasonably deficient and that the defense was actually prejudiced as a result of counsel's errors. *Strickland*, 466 U.S. at 684. In *Sexton*, the court reiterated: "Counsel is not necessarily ineffective for failing to raise even a nonfrivolous claim, so clearly we cannot hold counsel ineffective for failing to raise a claim that is meritless." 679 F.3d at 1157 (citing *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009).

Under *Strickland*, there is a strong presumption that an attorney performed within the wide range of professional competence, and the attorney's performance will be deemed deficient only if it fell below an objective standard of reasonableness measured under prevailing professional norms. *Strickland*, 466 U.S. at 689, 694. To prove prejudice, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's unreasonable errors, the result of the proceeding would have been different. *Id*. at 694. "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Id*. at 689. As a result, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S.Ct. 770, 778 (2011) (internal quotations and citation omitted).

**MEMORANDUM DECISION AND ORDER - 13**

The application of the *Strickland* test in this instance means that Petitioner is required to show that counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter. This standard is a high one. Stated another way, to overcome procedural default under *Martinez*, the petitioner must show that "[post-conviction relief] counsel's failure to raise the claim that trial counsel was ineffective was an error "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and caused [the petitioner] prejudice." *Sexton*, 679 F.3d at 1157 (citing *Strickland*, 466 U.S. at 687).

7.    **Discussion of Cause and Prejudice**

   A.    ***Lack of Access to Courts <u>Before</u> Post-Conviction Action as "Cause"***

Petitioner argues that, soon after his conviction, he found out that the prison legal resource center had insufficient legal resources to help him or advise him on how to proceed with his case. However, as soon as he filed a post-conviction application, he was appointed counsel. Petitioner has failed to show any causal connection between the lack of legal resources before he filed his post-conviction petition and the procedural default of any particular claim. *See Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991) (alleged inadequate prison library and legal assistance procedures do not constitute cause

where there is no connection between the prisoner's actual use of the library and any defaulted claim).

  **B.**   *Lack of Access to Courts <u>After</u> Post-Conviction Action as "Cause"*

  Petitioner alleges that he has shown adequate cause from the following set of circumstances: (1) his post-conviction counsel failed to contact him; (2) he lacked access to legal resources in the prison to discover that he should have  requested leave of court to amend his post-conviction petition rather than submitting an addendum; (3) the Idaho Court of Appeals determined that the addendum was improperly submitted without a motion to amend and that the state district court was not required to address the claims in the addendum in disposing of the case. (Dkt. 21, p. 5.) However, as noted above, Petitioner's argument fails to address causation, because the state district court, in fact, addressed his claims; Petitioner simply failed to raise the merits of the claims on appeal–and that is the proximate and primary cause of the procedural default, not the Court of Appeals's later determination that the claims in the addendum were raised improperly.

  Petitioner's further argument that he was not able to develop other unknown claims as a result of the lack of legal resources is unsupported by any facts or inkling of what the other claims might be. Therefore, it cannot serve as "cause" to excuse procedural default in these circumstances.

**MEMORANDUM DECISION AND ORDER - 15**

**C.**     *Lack of Access to Courts As Impeding Ability to File Federal Habeas Corpus Action*

Petitioner also argues that the lack of prison legal resources caused him to be "unable to articulate his claims presented in . . . this Writ of Habeas Corpus." (Dkt. 15, p. 7.) However, Petitioner has not shown that a properly-exhausted claim existed that was not included in the Petition at the time of filing. Rather, Petitioner has brought a myriad of claims, and a myriad of arguments supporting those claims. He is an above-average litigator, compared to most prisoners. Petitioner has shown no causal connection between the lack of prison legal resources and any perceived deficiencies in the Petition in this action.

**D.**     *Ineffective Assistance of Post-Conviction Appellate Counsel as Martinez Grounds for "Cause"*

Petitioner argues that his post-conviction appellate counsel never spoke to him about which issues to bring on appeal, and never had any contact with Petitioner whatsoever. (Dkt. 21, p. 9.) To the extent that Petitioner is arguing that post-conviction appellate counsel's failure to raise claims on appeal should constitute cause for *Martinez* purposes, the argument is meritless, because the Supreme Court's holding in *Martinez* does not apply to alleged ineffectiveness by post-conviction *appellate* counsel.

In *Coleman v. Thompson*, the United States Supreme Court established the general rule that an attorney's errors on appeal from an initial-review collateral proceeding do not qualify as cause for a procedural default, and, in *Martinez*, the Supreme Court reaffirmed

**MEMORANDUM DECISION AND ORDER - 16**

that holding, explicitly exempting post-conviction appeals from the narrow exception it

carved out from *Coleman*:

> The rule of *Coleman* governs in all but the limited circumstances
> recognized here. The holding in this case does not concern attorney errors
> in other kinds of proceedings, *including appeals from initial-review*
> *collateral proceedings, second or successive collateral proceedings*, and
> petitions for discretionary review in a State's appellate courts.

*Martinez*, 132 S.Ct. at 1320 (emphasis added, citation omitted). Therefore, Petitioner

cannot demonstrate cause based on the alleged ineffectiveness of postconviction appellate

counsel.

> ### E.   *Ineffective Assistance of Initial Post-Conviction Counsel as "Cause"*

Petitioner also contends that his initial post-conviction counsel was ineffective,

causing the default of his ineffective assistance of trial counsel claim. *Martinez* is

potentially applicable to Claim 1, which has seven subparts. The application of the

*Strickland* test in this instance means that Petitioner is required to show that Mr.

Rockstahl's representation during the post-conviction proceeding was objectively

unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner

would have received post-conviction relief on one of the ineffective assistance of trial

counsel claims regarding Ms. Paul's performance. Initially, the Court must review

whether the underlying ineffective assistance of trial counsel claims concerning Ms. Paul

have potential merit, because, if they do not, then Petitioner suffered no prejudice from

Mr. Rockstahl's post-conviction performance.

**MEMORANDUM DECISION AND ORDER - 17**

The Court has determined that additional argument and supplementation of the state court record are required before the Court can determine whether *Martinez v. Ryan* should be applied to permit the Court to hear the merits of any of the ineffective assistance of trial counsel claims. Rule 7 of the Rules Governing Section 2254 Cases authorizes the court to "direct the parties to expand the record by submitting additional materials relating to the petition," when necessary and appropriate.

Respondent is ordered to obtain and lodge the following within 60 days after entry of this Order: (1) the pretrial record of the state court, including the motions filed by Petitioner's counsel, the conviction, and the judgment; (2) the presentence investigation report (under seal); and (3) the sentencing hearing transcript. Respondent shall provide a copy of items (1) and (3) to Petitioner, and lodge item (2) as a sealed document.

Petitioner has the burden of providing evidence that Marilyn Paul performed ineffectively in his case. Therefore, Petitioner shall provide the Court with portions of Ms. Paul's file, letters she wrote to him about case status, and/or an affidavit from her regarding the extent and nature of her work on Petitioner's case. The attorney-client privilege is waived in a limited fashion for attorney-client communications and attorney work product relevant to specific ineffective assistance of counsel claims brought in habeas proceedings, and only to the extent necessary to give the respondent an opportunity to challenge the claim; the government is prohibited from using the disclosed materials and information for any purpose other than contesting the ineffective assistance

**MEMORANDUM DECISION AND ORDER - 18**

claims, including use of the disclosed materials and information in any retrial of the petitioner. *See Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003). Thus, there should be no impediment to obtaining documents and information from Ms. Paul.

Petitioner shall file a "Motion for Application of *Martinez v. Ryan* to Excuse Procedural Default" within 120 days after entry of this Order, with any exhibits. Respondent shall thereafter file a response; Petitioner may file a reply; and Respondent may, but is not required to, file a sur-reply.

## PETITIONER'S MOTION TO STAY AND ABEY OR FOR EQUITABLE TOLLING

**1.      Standard of Law**

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court determined that federal district courts have discretion to stay a habeas petition to allow the petitioner to present his unexhausted claims to the state court and then to return to federal court to litigate all of his claims.  *Id*. at 276-77.  In determining whether to exercise discretion to grant a stay, the district court should consider whether the petitioner had good cause for his failure to exhaust, whether his unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics.  *Id*. at 277-78.

**2.      Discussion**

Petitioner's claims are exhausted, but improperly so. The claims are procedurally

defaulted because it would be futile to return to state court to attempt to properly exhaust

them, because Petitioner is out of time. Thus, the Court will not stay this matter, but will

hear the merits of any claims to which *Martinez v. Ryan* applies.

Petitioner alternatively asks the Court to apply "equitable tolling." However,

equitable tolling is a concept that is applicable only when a petitioner's habeas corpus

petition has been filed beyond the statute of limitations. *Pace v. DiGuglielmo*, 544 U.S.

408 (2005),  There is no issue of untimeliness here, and, therefore, equitable tolling does

not apply. For all of the foregoing reasons, the Motion will be denied.

## ORDER

**IT IS ORDERED:**

1.      Respondent's Motion to Dismiss (Dkt. 8) is CONDITIONALLY

GRANTED. Petitioner's Petition for Writ of Habeas Corpus is subject to

dismissal with prejudice unless Petitioner can show that *Martinez v. Ryan*

applies to permit the Court to hear his ineffective assistance of trial counsel

claims.

2.      Petitioner's Motion for Extension of Time to File Response (Dkt. 13) is

GRANTED, and the Response, filed at Dkt. 15, is considered timely.

**MEMORANDUM DECISION AND ORDER - 20**

3.      Petitioner's Motion to Stay and Abey (Dkt. 19) and Motion for Equitable Tolling (Dkt. 19) are DENIED.

4.      Respondent is ordered to obtain and lodge the following within 60 days after entry of this Order: (1) the pretrial record of the state court, including the motions filed by Petitioner's counsel, the conviction, and the judgment; (2) the presentence investigation report (under seal); and (3) the sentencing hearing transcript. Respondent shall provide to Petitioner a copy of items (1) and (3), and shall lodge item (2) with the Court as a sealed document.

5.      Petitioner shall provide the Court with portions of Ms. Paul's file, letters from Ms. Paul regarding case status, and/or an affidavit from her regarding the extent and nature of her work on Petitioner's case. The attorney-client privilege is waived in a limited fashion for attorney-client communications and attorney work product relevant to the specific ineffective assistance of counsel claims brought in this habeas proceedings, and only to the extent necessary to give Respondent an opportunity to challenge the claim; hereafter, the government  is prohibited from using the disclosed materials or information for any purpose other than contesting the ineffective assistance claims, including  use of the disclosed materials or information in any retrial of Petitioner.

6.    Petitioner shall file a "Motion for Application of *Martinez v. Ryan* to

Excuse Procedural Default" within 120 days after entry of this Order, with

any exhibits. Respondent shall thereafter file a response; Petitioner may file

a reply; and Respondent may, but is not required to, file a sur-reply.

7.    The Clerk of Court shall provide a courtesy copy of this Order to Marilyn

Paul, Twin Falls County Public Defender, at her email address that is on file

with the Idaho State Bar.


DATED:  **September 12, 2012**

Honorable Edward J. Lodge
U. S. District Judge