UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN E. HORONZY,<br><br>                Petitioner,<br><br>v.<br><br>JOHANNA SMITH,<br><br>                Respondent. | Case No. 1:11-cv-00235-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

On September 12, 2012, the Court conditionally granted Respondent's Motion for Summary Dismissal based on the procedural default of Petitioner's claims.[1] (Dkt. 25) During the course of briefing the summary dismissal issue, Petitioner contended that his initial post-conviction counsel (Mr. Rockstahl) was ineffective, causing the default of his claims of ineffective assistance of trial counsel (Ms. Paul). Therefore, the Court determined that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), was potentially applicable to Claim 1.

---

[1] Petitioner argues that Respondent is wrong in characterizing his position as "conceding" that his claims are procedurally defaulted. (Dkt. 32, pp. 1-2.) It is clear that Petitioner disagrees with the Court's decision that the claims are procedurally defaulted, but that is no longer at issue and can be pursued on appeal if Petitioner obtains a certificate of appealability.

**MEMORANDUM DECISION AND ORDER - 1**

Respondent was ordered to obtain and lodge the following within 60 days after entry of this Order: (1) the pretrial record of the state court, including the motions filed by Petitioner's counsel, the conviction, and the judgment; (2) the presentence investigation report (under seal); and (3) the sentencing hearing transcript. Respondent was also ordered to provide a copy of items (1) and (3) to Petitioner, and lodge item (2) as a sealed document.

Petitioner was ordered to file a "Motion for Application of *Martinez v. Ryan* to Excuse Procedural Default," with any exhibits, no later than January 10, 2013. (Dkt. 25.) Respondent lodged the supplemental state court records on December 10, 2012, and provided Petitioner with a copy. (Dkt. 28.)

Petitioner filed an "Objection and Formal Notice," "Motion for Application of Martinez v. Ryan to Excuse Procedural Default of Claims," and various exhibits on January 10, 2013. (Dkt. 30, 30-1, 30-2, 30-3.) Petitioner argues that Respondent failed to provide transcripts of the oral arguments of trial counsel and pretrial hearings. Respondent has filed a Response to all of Petitioner's requests and arguments (Dkt. 31), and Petitioner has filed a Reply. (Dkt. 32.)

Having reviewed the record, the Court concludes that oral argument is not necessary. Accordingly, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 2**

## PROCEDURAL DEFAULT OF INEFFECTIVE ASSISTANCE
## OF TRIAL COUNSEL CLAIMS

**1.     Standard of Law**

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  A petitioner does not have a federal constitutional right to effective assistance of counsel during state post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). As a result, the general rule is that any errors of his counsel during the post-conviction action cannot serve as a basis for cause to excuse Petitioner's procedural default of his claims. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

The holding of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), established a "limited qualification" to the *Coleman* rule. *Id*. at 1319. In *Martinez*, the court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315. "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id*. at 1318.

**MEMORANDUM DECISION AND ORDER - 3**

The *Martinez* Court explained that the limited exception was created "as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id.* at 1318.

In *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), the Supreme Court determined that, where "a State's procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise an ineffective-assistance-of-trial-counsel claim on direct appeal," the exception recognized in *Martinez* applies, meaning that a petitioner may assert that his post-conviction counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim in that proceeding, because it was the first meaningful opportunity to raise such a claim. 133 S.Ct. at 1921. In Idaho, the post-conviction setting is the "preferred forum for bringing claims of ineffective assistance of counsel," although in limited instances such claims may be brought on direct appeal "on purported errors that arose during the trial, as shown on the record" (as opposed to matters arising outside the record). *Matthews v. State*, 839 P.2d 1215, 1220 (Idaho 1992). Thus, in Idaho, *Martinez* can be applied to ineffective assistance of trial counsel claims arising from Idaho state court convictions and sentences, where the post-conviction setting was the first forum in which the ineffective assistance of trial counsel claim based on matters arising outside the

**MEMORANDUM DECISION AND ORDER - 4**

record could have been brought and developed in an evidentiary hearing. *See Matthews*, 839 P.2d at 1120.

The *Martinez* Court explained that its holding was based on "equitable" rather than "constitutional" grounds, and emphasized that it was not to be applied generally to procedural default circumstances:

> The rule of *Coleman* governs in all but the limited circumstances recognized here. The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts.... It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons.

132 S.Ct. at 1320 (citations omitted).[2]

## 2. Discussion

While Petitioner argues that Mr. Rockstahl, as initial post-conviction counsel, was ineffective in presenting the ineffective assistance of trial counsel claims because he failed to adequately develop the facts and seek an evidentiary hearing (which, if true, would be within the *Martinez* exception), the threshold issue in this case is whether Mr. Rockstahl's acts caused the default of Petitioner's claims, or whether, thereafter,

---

[2] The *Martinez* Court also reiterated that § 2254(i) specifically provides that "incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in proceedings arising under section 2254." 132 S.Ct. at 1320.

**MEMORANDUM DECISION AND ORDER - 5**

Petitioner's post-conviction appellate counsel's failure to appeal dismissal of the claims to the Idaho Supreme Court caused the default of Petitioner's claims.

In its earlier Order, the Court determined that the state district court heard and ruled on all of Petitioner's post-conviction claims–including the ineffective assistance of trial counsel claims–regardless of where or how the claims were brought. (State's Lodging C-3, p. 3; Dkt. 25, p. 9.)

Petitioner could have contested dismissal of the merits of his claims on appeal. However, Petitioner's post-conviction appellate counsel, Diane Walker, of the State Appellate Public Defender's Office, chose to raise only the broad claim of whether the district court erred in not giving Petitioner adequate notice of its intent to dismiss the new claims.[3] The United States Supreme Court specifically exempted ineffective assistance of post-conviction appellate counsel from the scope of *Martinez*. *See* 132 S.Ct. at 1320.

Because the Court concludes that the default of Petitioner's claims on federal habeas review was caused by the failure of post-conviction appellate counsel to include

---

[3] This is not to suggest that Ms. Walker was negligent or ineffective in failing to include those issues. The case against Mr. Horonzy was very strong, including his confession to killing the victim. Ms. Walker's performance is not an issue that is before the Court.

"Effective legal assistance" does not mean that appellate counsel must appeal every question of law or every nonfrivolous issue requested by a criminal defendant. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). "[N]othing in the Constitution" requires "judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable claim' suggested by a client." *Id.*, 463 U.S. at 754. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.* at 751-52.

**MEMORANDUM DECISION AND ORDER - 6**

them in the post-conviction appellate case, *Martinez* is inapplicable to excuse the default of Petitioner's ineffective assistance of trial counsel claims. The Court is not persuaded by Petitioner's arguments that the default was caused by Mr. Rockstahl's filing of a deficient notice of appeal[4] or failure to inform appellate counsel of the issues that should have been raised on appeal. These arguments attempt to blur the line between initial post-conviction counsel's duties and post-conviction appellate counsel's duties. *Martinez* specifically draws the line between the initial post-conviction action and the appeal, which means that this Court must do so here. As *Martinez* emphasized:

> The holding in this case does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings. . . . It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial. . . .

*Id.* 132 S.Ct. at 1320.

Other courts addressing similar *Martinez* issues have likewise held. *See Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) ("Arnold's multiple ineffective assistance claims were litigated in his initial-review collateral proceeding, but not preserved on appeal. Thus, unlike *Martinez*, Arnold has already had his day in court; deprivation of a second day does not constitute cause."); *Bray v. Belleque*, 2012 WL 1409328 (D. Or.

---

[4] The record reflects that post-conviction appellate counsel filed an amended notice of appeal, identifying the issues for appeal as: "Did the district court err in dismissing the appellant's Petition for Post Conviction Relief?" In addition, the Notice stated: that "any such list of issues on appeal [provided in the amended notice] shall not prevent the appellant from asserting other issues on appeal." (State's Lodging B-1, p. 210.) Therefore, appellate counsel's amended notice was broad enough to encompass dismissal of the merits of Petitioner's claims.

**MEMORANDUM DECISION AND ORDER - 7**

2012) (same); *Cook v. Ryan*, 2012 WL 2798789 (D. Ariz. 2012) (same); *cf. Cook v. Ryan*, 2012 WL 2798789 (D. Ariz. 2012) (same).

In addition, these cases are aligned with the purpose of *Martinez*, which singularly was concerned that, if ineffective assistance of trial counsel claims were not brought in the collateral proceeding which provided the first occasion to raise a claim of ineffective assistance at trial, the effect was that the claims could not be brought *at all*:

> As *Coleman* recognized, [there is] a key difference between initial-review collateral proceedings and other kinds of collateral proceedings. When an attorney errs in initial-review collateral proceedings, it is likely that no state court at any level will hear the prisoner's claim. This Court on direct review of the state proceeding could not consider or adjudicate the claim. And if counsel's errors in an initial-review collateral proceeding do not establish cause to excuse the procedural default in a federal habeas proceeding, no court will review the prisoner's claims. The same is not true when counsel errs in other kinds of postconviction proceedings. While counsel's errors in these proceedings preclude any further review of the prisoner's claim, the claim will have been addressed by one court, whether it be the trial court, the appellate court on direct review, or the trial court in an initial-review collateral proceeding.

132 S.Ct. at 1316 (citations omitted).

In contrast, in Petitioner's case, the claims *were* brought in the initial-review collateral proceeding, giving one court the opportunity to hear them. Thus, the aim of *Martinez* was satisfied in Petitioner's case. It was Petitioner's failure to bring the claims before a second court, which is not a concern of *Martinez*, that caused the default of his claims for federal habeas corpus purposes.

**MEMORANDUM DECISION AND ORDER - 8**

Further, because the record demonstrates that Petitioner had the opportunity to, and did, bring his claims before the state district court, equity is satisfied without resort to the cause and prejudice exception:

> The rules for when a prisoner may establish cause to excuse a procedural default are elaborated in the exercise of the Court's discretion. These rules reflect an equitable judgment that *only where* a prisoner *is impeded or obstructed* in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default. Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) *caused* a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim.

132 S.Ct. at 1318 (citations omitted) (emphasis added).

In this instance, *had* post-conviction appellate counsel appealed the merits of the claims (no matter how deficiently they were raised by initial post-conviction counsel), the state appellate court could have had the opportunity to conclude that the claims were rightly dismissed on the merits, and the claims would not have been procedurally defaulted for federal habeas purposes. Petitioner's failure to present them on appeal deprived the state appellate courts of an opportunity to hear the merits of the claims, which is the concept at the heart of procedural default, as described in *O'Sullivan v. Boerckel*:

**MEMORANDUM DECISION AND ORDER - 9**

> Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims. State courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. This rule of comity reduces friction between the state and federal court systems by avoiding the "unseem[liness]" of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance.
>
> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

526 U.S. 838, 844-45 (1999) (citations omitted).

In Petitioner's case, the state has in place several safeguards for ensuring that substantial ineffective assistance of trial counsel claims can be adjudicated, but Petitioner did not use them. For example, Petitioner could have appealed dismissal of the merits of his claims to the Idaho Supreme Court. Or, Idaho state procedural law permits a successive post-conviction petition to be filed, where ineffective assistance of initial post-conviction counsel may be asserted as grounds for hearing the second petition.[5] Thus, an

---

[5] Idaho Code § 19-4908, provides:

All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised

**MEMORANDUM DECISION AND ORDER - 10**

Idaho petitioner forgoes two different avenues for post-conviction relief by failing to file an appeal and failing to file a successive post-conviction petition. Both failures ultimately result in depriving the Idaho Supreme Court of an opportunity to hear the original claims. To permit a petitioner to use *Martinez* to bypass the state court system by not filing an appeal and not filing a successive post-conviction action does not serve the comity interests behind the procedural default rule as explained in *O'Sullivan v. Boerckel* and does not fit the purposes of the *Martinez v. Ryan* exception, as explained above.[6]

---

in the original, supplemental, or amended application.

*See Nguyen v. State*, 126 Idaho 494, 887 P.2d 39 (Idaho Ct. App.1994) ("This Court has consistently held that . . . alleged ineffectiveness of counsel in a post-conviction proceeding may constitute "sufficient reason" for allowing the filing of a second application under I.C. § 19-4908. . . .")

[6] Similarly, the Court has already rejected Petitioner's argument that, because Idaho case law precludes represented convicted felons from submitting supplemental pro se briefing when they are represented by counsel, his procedural default should be excused. (Dkt. 32, p. 2; Dkt. 25, p. 15.) If a convicted felon does not agree with his counsel's decisions during the course of direct appeal or a post-conviction matter, he can file a motion to have counsel withdrawn and proceed pro se. There is no law supporting a position that the Constitution or equity require that a convicted felon should be able to have it both ways: be represented *and* also represent himself pro se. In any event, the state district court did, in fact, consider Petitioner's pro se addendum alongside his counsel's submissions, and, thus, the argument has no application to the facts at hand. (State's Lodgings B-1, pp. 169-87 and C-3, p. 3; Dkt. 25, p. 9.)

Petitioner further argues that he did not know a successive post-conviction petition could be filed because of deficiencies in the prison law library. (Dkt. 32, pp. 5-6.) However, he does not provide any facts showing that he actually tried to discover additional avenues of relief but was unable to find them in the prison legal resource center. Ignorance of the legal process, alone, does not constitute cause for procedural default. *See Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir.1986).

**MEMORANDUM DECISION AND ORDER - 11**

### 3. Conclusion

The Court agrees with Respondent that *Martinez v. Ryan* cannot be applied to cure the default of Petitioner's claims because he did not appeal dismissal of the merits of the claims. As a result, Petitioner's requests for additional records, transcripts, and files from his trial and initial post-conviction counsel are moot. (Dkt. 30.) The Petition for Writ of Habeas Corpus will be dismissed with prejudice.

### ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 8) is GRANTED.

2. Respondent's Motion for Extension of Time to Lodge Transcript (Dkt. 27) is GRANTED. The transcript is considered timely. (Dkt. 28.)

3. Petitioner's Objection (Dkt. 30) is MOOT.

4. Petitioner's "Motion for Application of Martinez v. Ryan to Excuse Procedural Default of Claims" (Dkt. 30-1) is DENIED.

5. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of

**MEMORANDUM DECISION AND ORDER - 12**

Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: **July 16, 2013**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 13**